UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE SANFORD KNIGHT,

        Petitioner,

Case No. 2:24-cv-12016

HONORABLE STEPHEN J. MURPHY, III

v.

MELINDA BRAMAN,

        Respondent.

_____/

## OPINION AND ORDER DISMISSING PETITION [1]

George Sanford Knight petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. Knight, proceeding *pro se*, challenged the revocation of his parole. For the reasons below, the Court will dismiss the petition and deny a certificate of appealability.

### BACKGROUND

In 2019, Knight pleaded no contest in Oakland County Circuit Court to two counts of second-degree arson and one count of third-degree arson. ECF No. 9-5, PageID.285, 296. The Court sentenced Knight as a third-habitual offender to concurrent terms of five years' probation and one year in jail, with 266 days of credit for time served. *See* ECF No. 9-6, PageID.314–315.

Knight, however, repeatedly violated the terms of his probation. In 2021, he pleaded guilty to two probation violations–failing to report and consuming alcohol. ECF No. 9-7, PageID.323–324. The trial court continued his probation. *Id.* at PageID.325. The next year, Knight pleaded guilty to three more violations—failing

1

to comply with alcohol and drug testing, testing positive for marijuana, and being ticketed for disorderly conduct. ECF No. 9-8, PageID.333. The trial court again continued his probation. *See id.* at PageID.337.

In 2023, Knight further violated the terms of his probation. This time, the violations involved the unwanted touching of a middle school girl named LP. *See* ECF No. 9-10 (probation violation hearing transcript). LP testified that, in January 2023, she and her 7- and 11-year-old brothers went to Knight's mother's home while their mother was at the store. *Id.* at PageID.350–352. Knight came downstairs to the main floor because he heard LP and her brothers arguing over their tablets. *Id.* at PageID.351–352. He took their tablets and went back upstairs. *Id.* at PageID.352. Soon after, Knight called LP up to his bedroom and told her she was pretty. *Id.* at PageID.352–354. He then "cornered" her and began rubbing her arm. *Id.* at PageID.354. LP felt very uncomfortable, so she pushed him and left the bedroom. *Id.* at PageID.355. She went back downstairs and started crying. She told her brothers what happened, and one brother went upstairs to confront Knight. Knight said he was joking. He then offered LP $20 not to say anything about what he had done. Knight also told LP's brothers that if they said anything, he would burn their house down with them in it. *Id.*

Knight testified at the hearing and admitted that he took tablets from LP and her brothers when he heard them arguing. *Id.* at PageID.361. He denied calling LP up to his bedroom. *Id.* He testified that at some point LP came upstairs to use the bathroom and he briefly saw her in the hallway but did not interact with her. *Id.* at

2

PageID.362–363. He denied having any physical contact with LP, offering her $20 to remain silent, or threatening her brothers. *Id.* at PageID.362–364.

The trial court found by a preponderance of evidence that Knight violated the terms of his probation. *Id.* at PageID.369. It revoked Knight's probation and sentenced him to 4 to 40 years' imprisonment for the original second-degree arson convictions and 4 to 20 years for the third-degree arson conviction. *Id.* at 374.

Knight sought leave to appeal in the Michigan Court of Appeals and raised the same sufficiency-of-the-evidence claim concerning his probation revocation that he raises in this petition. The Michigan Court of Appeals denied the application for leave to appeal "for lack of merit in the grounds presented." ECF No. 9-11, PageID.377. Knight then filed an application for leave to appeal in the Michigan Supreme Court and again raised the same claim. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. ECF No. 9-12, PageID.409. Knight then filed the instant petition claiming that insufficient evidence was presented to sustain the revocation of his probation.

## LEGAL STANDARD

A state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court decides a case differently than the Supreme Court has on a set of "materially indistinguishable" facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). An "unreasonable application" occurs "when a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. Further, "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.*

A state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner bears the burden of rebutting the presumption with clear and convincing evidence. *See id.*; *see also Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## DISCUSSION

I.   Insufficient Evidence

Knight argued that insufficient evidence supported the finding that he violated probation. He claimed:

> The judge relied only [on] the false statement of a kid who is notorious for lying. There was no physical evidence to support her allegations.

ECF No. 1, PageID.5.

As an initial matter, Respondent argued that Knight's claim is not pled with sufficient particularity to satisfy Rule 2(c) of the Rules Governing Section 2254 Cases. ECF No. 8, PageID.59. Rule 2(c) mandates that a petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (quoting 28 U.S.C. § 2243).

5

Here, although Knight's argument is brief, it is sufficient to allow Respondent to defend the claim and the Court to decide the claim. The Court declines to dismiss the petition for failure to comply with Rule 2(c).

The Court thus turns to the merits of Knight's claim. There is no constitutional right to proof beyond a reasonable doubt at a probation revocation proceeding. *See United States v. Knights*, 534 U.S. 112, 120 (2001). Michigan prosecutors must prove a probation violation by a preponderance of the evidence. *People v. Ison*, 132 Mich. App. 61, 66 (1984).

Here, LP testified at Knight's revocation hearing that Knight touched her against her will, causing her significant discomfort. She further stated that Knight offered her money to keep quiet about the incident and threatened her brothers, telling them he would burn their house down if they reported what he had done. The trial court found LP credible. Knight offered no support (or explanation) for his conclusory claim that LP was "notorious for lying." ECF No. 1, PageID.5. Credibility determinations are "generally beyond the scope of federal habeas review of sufficiency of the evidence claims." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003). Given the lower preponderance-of-the-evidence standard and the deference owed to the trial court's credibility findings, Knight failed to show he is entitled to habeas corpus relief. The petition will be denied.

II.    Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

Reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus [1] is **DENIED** and **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner may proceed on appeal *in forma pauperis* because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 18, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 18, 2025, by electronic and/or ordinary mail.

s/ R. Loury
Case Manager